IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAMON LYNN STOVALL,** | ) |
| Petitioner, | ) |
| | ) C.A. No. 08-241 Erie |
| v. | ) |
| | ) District Judge McLaughlin |
| **RAYMOND LAWLER, et al.,** | ) Chief Magistrate Judge Baxter |
| Respondents. | ) |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Respondents [Document # 11] be denied.

Respondent will be directed to file an answer to the petition within thirty days.

**II.     REPORT**

    **A.     Relevant Procedural and Factual History**

Petitioner, Damon Lynn Stovall, is a state prisoner incarcerated within the state correctional system. Petitioner is attacking his conviction and sentence at docket number 2621 of 2002 in the Court of Common Pleas of Erie County, Pennsylvania. In the instant habeas action, Petitioner argues that his trial and appellate counsel provided ineffective assistance in violation of his Sixth Amendment rights and that his sentence is invalid in violation of his Fifth Amendment rights.

Petitioner was convicted of Indecent Assault, Simple Assault, Criminal Attempt and IDSI-Forcible Compulsion, and was sentenced to 18 to 36 years imprisonment on January 22, 2003.

### 1. The Direct Appeal

Petitioner filed a timely direct appeal to the Pennsylvania Superior Court on May 16, 2003. By Order dated July 22, 2004, the Superior Court affirmed the convictions. Petitioner then filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on March 4, 2005.

The record before this Court reflects that Petitioner's counsel was not notified promptly of the March 4, 2005 denial. Document # 14, page 5. In a letter to Petitioner's counsel dated May 10, 2005, the Deputy Prothonotary of the Pennsylvania Supreme Court apologized for the clerical error and explained:

> Because of this breakdown in the process of the court, and pursuant to Pa.R.A.P. 108(a) ("in computing any period of time under these rules involving the date of entry of an order by a court ... the day of entry shall be the day the clerk of the court ... mails or delivers copies of the order to the parties ..."), the time for seeking reconsideration under Pa.R.A.P. 1123(b) will run from today's date [May 10, 2005], rather than March 4th.

Id.

Petitioner did not file a petition for writ of certiorari to the U.S. Supreme Court.

### 2. The Collateral Attack

On August 4, 2005, Petitioner filed a timely petition pursuant to the Post Conviction Relief Act (PCRA) pursuant to 42 Pa.Cons.Stat. § 9541, *et seq.*, which was denied on May 26, 2006. Petitioner appealed that denial to the Pennsylvania Superior Court on June 23, 2006, and the appeal was denied on April 5, 2007. Thereafter, Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court on April 25, 2007, which was denied on August 30, 2007.

### 3. The Instant Federal Habeas Action

On August 7, 2008, Petitioner signed and dated[1] the instant petition for writ of habeas

---

[1] As a *pro se* prisoner litigant, Petitioner will be given the benefit of the mailbox rule. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (an inmate's pleadings are deemed filed at the moment the inmate delivers the documents to prison officials to be mailed). See also Satterfield

corpus and the petition was received by the U.S. District Court for the Middle District of Pennsylvania on August 14, 2008. Thereafter, on August 20, 2008, the instant petition was transferred to this Court. This Court ordered that the petition be served upon Respondents and in response to the petition, the District Attorney's Office has filed a motion to dismiss based **solely** on the statute of limitations.

### B. Statute of Limitations

Respondents move for the dismissal of the petition based upon the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(d).[2] AEDPA requires, with a few exceptions not implicated here,

---

v. Johnson, 434 F.3d 185, 189 fn.3 (3d Cir. 2006); Longenette v. Krusing, 322 F.3d 758 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (prison mailbox rule provides that "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.").

2 The applicable statute reads:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his state judgment of sentence becomes final. 28 U.S.C. § 2244(d)(1)(A).

Petitioner argues that his judgment of sentence became final on or about August 10, 2005, the date on which the ninety-day period to seek direct review in the U.S. Supreme Court expired. This date is 90 days from the date of the Pennsylvania Supreme Court's May 10, 2005 notification of the denial of the allowance of appeal on Petitioner's sentence. This Court agrees with Petitioner in this regard.[3] See Kapral v. United States, 166 F.3d 565, 571 (3d Cir. 1999) ("if a defendant does not file a certiorari petition, the judgment of conviction does not become 'final' until the time for seeking certiorari review expires. A defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari. [...] Only when the time for seeking certiorari review has expired is it appropriate for a defendant to commence a collateral attack on the conviction and sentence."); United States v. Bendolph, 409 F.3d 155, 158 (3d Cir. 2005) (citing Kapral for the proposition that a judgment may become "final" in the context of §2254 and § 2255 when "the date on which the defendant's time for filing a timely petition for certiorari review expires."); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

Petitioner filed his timely PCRA petition on August 4, 2005. So then, his judgment of sentence became final on August 10, 2005, while his timely first PCRA proceeding was pending.

---

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

[3] Although Respondent argues that the judgment of sentence became final on March 4, 2005, he does not indicate why Petitioner should not be given the benefit of the May 10th notification letter or the ninety days to seek direct review in the U.S. Supreme Court.

Therefore, pursuant to 28 U.S.C. § 2244(d)(2), AEDPA's limitations period was immediately statutorily tolled. Contrary to Respondent's argument (see Document # 11, ¶ 7), AEDPA's limitations period is statutorily tolled during the pendency of a "properly filed" application for state post-conviction relief, 28 U.S.C. § 2244(d)(2). See also Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005); Satterfield v. Johnson, 434 F.3d 185 (3d Cir. 2006). It appears from the state court record that Petitioner's collateral attack was pending through all levels of the Pennsylvania courts from August 4, 2005, through August 30, 2007. Therefore, Petitioner had one year from August 30, 2007 to file his petition for writ of habeas corpus under AEDPA. His petition dated August 7, 2009 is timely filed. Accordingly, Respondent's motion to dismiss should be denied.

**C.     Certificate of Appealability**

Section 102 of the AEDPA (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Because this Court is not recommending the disposition of this habeas petition, no certificate of appealability determination need be made at this time.

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Respondents [Document # 11] be denied.

Respondent will be directed to file an answer to the petition within thirty days.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: April 7, 2009